# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KENNETH LEE WEINBERG,**

    **Plaintiff,**

vs.                                        Case No. 4:09cv190-RH/WCS

**LIEUTENANT HARRIS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a *pro se* prisoner who initiated this civil rights action on May 21, 2009. Docs. 1, 2. Plaintiff filed an amended complaint, doc. 9, on October 2, 2009, which was deemed sufficient for service. Doc. 10. After submission of a service copy of Plaintiff's amended complaint, doc. 11, I entered an order directing service on December 14, 2009. Doc. 12. Summons was returned unexecuted on January 25, 2010. Doc. 15. It was reported that Harris had not worked at the jail for six years. *Id.*

On March 15, 2010, I entered an order noting that the United States Marshals Service returned an unexecuted summons indicating that the Defendant, Lieutenant Harris, had not "worked at the jail for the last six years." Doc. 17, *quoting* doc. 15. The contact at the jail advised the Deputy United States Marshal that Harris had "moved out

of state." *Id.* Plaintiff was ordered to determine if he had named the correct individual in light of the information provided from the jail and clarify his intentions for proceeding with this case. Doc. 17. Thereafter, Plaintiff responded and indicated he was certain he had named the correct person as the Defendant, and sought time to locate the Defendant so that service could be directed again. Doc. 18. Plaintiff's response and motion, doc. 18, which was filed on March 29, 2010, sought sixty days in which to located the Defendant. I deemed that time to be too lengthy, and in an order entered on March 31, 2010, gave Plaintiff until May 14, 2010, to locate an address for Defendant Harris and advise the Court so service could again be attempted. Doc. 19.

On May 17, 2010, Plaintiff filed another motion requesting an additional 30 days and advising he had learned Defendant Lt. Harris' full name. Doc. 20. After noting that Plaintiff was, essentially, requesting that which had already been denied, and finding the motion insufficient to show a good faith effort to work within the time provided, I granted Plaintiff's motion in part. Doc. 21. The order, doc. 21, expressly advised Plaintiff that this additional period of time would be the final period provided. *Id.* Plaintiff was given until June 4, 2010, to provide an address for the Defendant. *Id.* At this point, nothing has been filed by Plaintiff and the Defendant has not been served with process. Accordingly, this action should now be dismissed *sua sponte* for failing to serve the complaint on the Defendant within 120 days as provided for in FED. R. CIV. P. 4(m). Good cause has not been shown such that this case should continue any further, and Plaintiff has had sufficient time to locate the Defendant, if the proper person was even named (considering the information provided in the unexecuted summons).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to serve process upon the Defendant within 120 days.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**